# UNITED STATES DISTRICT COURT
**District of New Mexico**

| UNITED STATES OF AMERICA | **Judgment in a Criminal Case** |
|---|---|
| V. | |
| **Rashad Lamar Parks** | (For Offenses Committed On or After November 1, 1987) |
| | Case Number: **2:11CR01333-001JB** |
| | USM Number: **61152-051** |
| | Defense Attorney: **Paul Rubino, Appointed** |

THE DEFENDANT:

☒ pleaded guilty to count(s) **Information**
☐ pleaded nolo contendere to count(s)  which was accepted by the court.
☐ after a plea of not guilty was found guilty on count(s)

The defendant is adjudicated guilty of these offenses:

| *Title and Section* | *Nature of Offense* | *Offense Ended* | *Count Number(s)* |
|---|---|---|---|
| 21 U.S.C. Sec. 841(b)(1)(D) | Conspiracy to Possess With Intent to Distribute Marijuana | 03/24/2011 | |

The defendant is sentenced as provided in pages 2 through **6** of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count .
☐ Count   dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

**March 26, 2012**
Date of Imposition of Judgment

**/s/ James O. Browning**
Signature of Judge

**Honorable James O. Browning**
**United States District Judge**
Name and Title of Judge

**May 15, 2012**
Date Signed

Defendant: **Rashad Lamar Parks**
Case Number: **2:11CR01333-001JB**

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **369 days or time served, whichever is less** .

**On May 19, 2011, Plaintiff United States of America filed an Information against Defendant Rashad Lamar Parks charging him with unlawfully, knowingly, and intentionally conspiring with other persons to possess with intent to distribute marijuana, contrary to 21 U.S.C. § 841(a)(1) and 841(b)(1)(D), and in violation of 21 U.S.C. § 846. See Doc. 44. Rashad then entered into a Plea Agreement in which he pled guilty to the Information. See Plea Agreement ¶ 3, at 2, filed May 19, 2011 (Doc. 47). In the Plea Agreement, the United States asserts that it has made no agreement about what specific sentence is appropriate and expressly reserves the right to make known any information, including relevant conduct, which it believes would assist the Court in reaching a sentence. See Plea Agreement ¶¶ 7(a), (c), at 3. The parties agreed that Parks has shown acceptance of responsibility, was a minimal participant, and that, if Parks provides a complete statement regarding his offense to the United States, he will be entitled to a 2-level reduction, pursuant to U.S.S.G. § 2D1.1(b)(11). See Plea Agreement ¶ 10(a)-(d), at 5-6. Parks waives his right to appeal his conviction and any sentence under the maximum statutory penalty. See Plea Agreement ¶ 14, at 7.**

**On August 4, 2011, the United States Probation Office ("USPO") issued a Presentence Investigation Report ("PSR") on Parks. The USPO calculates a base offense level of 18 pursuant to U.S.S.G. § 2D1.1(c)(11) and because the offense involved more than 20, but less than 40 kilograms of marijuana. See PSR ¶ 23, at 8. Because Parks has more than one criminal history point, the USPO declines to apply a 2-level reduction pursuant to U.S.S.G. § 2D1.1(b)(16). See PSR ¶ 25, at 9. The USPO applies a 4-level minimal role adjustment, pursuant to U.S.S.G. § 3B1.2(a) and the Plea Agreement, because Parks served only as a courier and engaged in the drug activity to pay off a debt. See PSR ¶ 26, at 9. Parks has an adjusted offense level of 17, however, because he has three prior convictions; pursuant to U.S.S.G. § 4B1.2(b), the adjusted offense level is 17. See PSR ¶¶ 28-29, at 9-10. The USPO then applies a 3-level reduction pursuant to U.S.S.G. § 3E1.1. See PSR ¶¶ 30-31, at 10. Parks` total offense level is thus 14. See PSR ¶ 32, at 10. Because Parks is a career offender, he has a criminal history category of VI, pursuant to U.S.S.G. § 4B1.1. See PSR ¶ 45, at 16. Based on Parks` status as a career offender, his total offense level is 14 and his criminal history category is VI, establishing a guideline imprisonment range of 37 to 46 months. See PSR ¶ 74, at 23.**

**The Court accepts the Plea Agreement and the stipulations that the parties have reached, as well as the waiver of appeal. The Court has reviewed the PSR`s factual findings and, there not being any objections, the Court will adopt them as its own. The Court has also reviewed the sentencing guidelines applications in this case, and, with the exception of the downward departure that the Court has granted, will adopt them as its own as well.**

**The Court has also considered the factors set forth in 18 U.S.C. § 3553(a). Before any downward departure, Parks` offense level is 14 and his criminal history category is VI. The guideline imprisonment range is 37 to 46 months. After granting the United States` request for a 6-level downward departure pursuant to U.S.S.G. § 5K1.1, the offense level is 8. An offense level of 8 and a criminal history category of VI establish a guideline imprisonment range of 18 to 24 months. The Court notes that Parks conspired to possess with intent to distribute 30 kilograms of marijuana. The Court has considered the guidelines, but in arriving at its sentence the Court has taken into account not only the guidelines, but other sentencing goals. Specifically, the Court has considered the guideline sentencing range for the applicable category offense committed by the applicable category of defendant. After carefully considering the circumstances of this case, the Court believes that the punishment set forth in the guidelines is not appropriate for this sort of offense. The Court then considered the kinds of sentences and ranges that the guidelines establish. The Court agrees with the United States, and believes that Parks is living a law-abiding life and that he has roots and a family that will keep him from re-offending. The Court notes that Parks became involved in this criminal activity because of a preexisting debt and that he tried to resolved that debt in the wrong manner. The United States also spoke eloquently on behalf of Parks and emphasized its belief that Parks has reformed his ways. The Court will vary the equivalent of 2-offense levels to sentence of time served. A variance of 2-offense level would result in a total offense level of 6 and establish a guideline imprisonment range of 12 to 18 months. As of March 26, 2012, he had served 369 days in prison, which falls within that range. The Court believes that a sentence of time served reflects the seriousness of the offense, promotes respect for the law, provides just punishment, affords both specific and general deterrence, and protects the public. The Court also finds that a time served sentence will not create unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct. The Court believes that any risks of recidivism can be mitigated to an acceptable level, because of some of the requirements that the Court will impose as part of supervised release. The Court concludes that supervised release will effectively provide Parks with**

**some needed education, training, and care to avoid a return to criminal activity.**

**The Court believes that a sentence of time served fully and effectively reflects each of the factors embodied in 18 U.S.C. § 3553(a). While the Court`s task, as a district court, is not to arrive at a reasonable sentence -- it is to come up with one that reflects the factors in 18 U.S.C. § 3553(a), see United States v. Conlan, 500 F.3d 1167, 1169 (10th Cir. 2007)("[A] district court`s job is not to impose a reasonable sentence. Rather, a district court`s mandate is to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of section 3553(a)(2)." (citation omitted)) -- the Court believes this sentence is reasonable. And perhaps most important in this calculation, the Court believes that this sentence is sufficient, but not greater than necessary to comply with the purposes of punishment Congress set forth in the Sentencing Reform Act of 1984, Pub. L. No. 98-473, 98 Stat. 1987 (codified as amended in scattered sections of 18 U.S.C.). Accordingly, the Court sentences Parks to 369-days imprisonment or time served, whichever is less.**

☐    The court makes the following recommendations to the Bureau of Prisons:


☒    The defendant is remanded to the custody of the United States Marshal.
☐    The defendant shall surrender to the United States Marshal for this district:
    ☐    at  on
    ☐    as notified by the United States Marshal.
☐    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
    ☐    before 2 p.m. on
    ☐    as notified by the United States Marshal
    ☐    as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:



Defendant delivered on _____  to
_____ at _____ with a Certified copy of this judgment.


_____
UNITED STATES MARSHAL

By
_____
DEPUTY UNITED STATES MARSHAL

Defendant: **Rashad Lamar Parks**
Case Number: **2:11CR01333-001JB**

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **3 years** .

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.
The defendant shall not commit another federal, state, or local crime.
The defendant shall not unlawfully possess a controlled substance.
The defendant shall refrain from any unlawful use of a controlled substance.
The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

- ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- ☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable).
- ☒ The defendant shall cooperate in the collection of DNA as directed by statute. (Check, if applicable).
- ☐ The defendant shall register with the state, local, tribal and/or other appropriate sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)
- ☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Criminal Monetary Penalties sheet of this judgment.
The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

Defendant: **Rashad Lamar Parks**
Case Number: **2:11CR01333-001JB**

## SPECIAL CONDITIONS OF SUPERVISION

**The defendant must participate in and successfully complete an outpatient substance abuse treatment program, as approved by the probation officer, which may include testing. The defendant is prohibited from obstructing or attempting to obstruct or tamper, in any fashion, with the collection, efficiency and accuracy of any substance abuse testing device or procedure. The defendant may be required to pay a portion of the cost of treatment and/or drug testing as determined by the Probation Office.**

**The defendant must submit to a search of his person, property, or automobile under his control to be conducted in a reasonable manner and at a reasonable time, for the purpose of detecting firearms, ammunition, other dangerous weapons, alcohol, drugs, or drug paraphernalia at the direction of the probation officer. He must inform any residents that the premises may be subject to a search.**

**The defendant must refrain from the use and possession of alcohol and other forms of intoxicants.**

Defendant: **Rashad Lamar Parks**
Case Number: **2:11CR01333-001JB**

# CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties in accordance with the schedule of payments.

☒ The Court hereby remits the defendant's Special Penalty Assessment; the fee is waived and no payment is required.

| Totals: | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| | **$waived** | **$0.00** | **$0.00** |

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

A   ☐  In full immediately; or
B   ☐  $ immediately, balance due (see special instructions regarding payment of criminal monetary penalties).

**Special instructions regarding the payment of criminal monetary penalties: Criminal monetary penalties are to be made payable by cashier's check, bank or postal money order to the U.S. District Court Clerk, 333 Lomas Blvd. NW, Albuquerque, New Mexico 87102 unless otherwise noted by the court. Payments must include defendant's name, current address, case number and type of payment.**

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made as directed by the court, the probation officer, or the United States attorney.